Stacey Stone
sstone@hwb-law.com
Holmes Weddle & Barcott, P.C.
701 W 8th Ave, Suite 700
Anchorage, Alaska 99501
Phone: 907-274-0666
Fax: 907-277-4657

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| LYLE MYRVOLD, an individual<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>RAIBOW FIBERGLASS & BOAT REPAIR, LLC, dba RAIBOW BOAT STORAGE, an Alaska limited liability company,<br><br>　　　　　　　　Defendants. | IN ADMIRALTY<br><br>Case No. _____<br><br>**COMPLAINT** |

COMES NOW the Plaintiff, Lyle Myrvold, by and through his attorneys, Holmes Weddle & Barcott, P.C., hereby demands a trial by jury and complains against Defendant Raibow Fiberglass & Boat Repair, LLC, as set forth below.

## JURISDICTION AND PARTIES

1. Jurisdiction is based upon 28 U.S.C. § 1333, admiralty, and 28 U.S.C. § 1331, federal question, specifically 46 U.S.C. § 31343. This is an admiralty or maritime claim within the meaning of Fed. R. Civ. P. 9(h) and Rules C, D, and E of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. Lyle Myrvold ("Plaintiff") is the owner of the vessel F/V NAKCHAMIK, Official Number 539708 ("Vessel") and is a Citizen of the State of Alaska.

COMPLAINT
Page 1 of 11

*Lyle Myrvold v.
Raibow Fiberglass & Boat Repair, LLC*
Case No. _____ Civil

Case 3:17-cv-00245-SLG   Document 1   Filed 11/22/17   Page 1 of 11

3. Raibow Fiberglass & Boat Repair, LLC ("Defendant") is a limited liability company authorized to do business in the State of Alaska, and at times, does business as Raibow Boat Storage.

4. Plaintiff seeks a declaration that the Vessel is not subject to certain Notices of Claim of Maritime Lien or to the maritime liens asserted therein (pursuant to (46 U.S.C. § 31343), and damages.

5. The Vessel is now within this district and subject to the jurisdiction of this Court, more particularly upon the premises of Defendant in Seward, Alaska.

## GENERAL ALLEGATIONS

6. On or about August 3, 2016, Plaintiff entered into an agreement ("Agreement") with Defendant, for certain work to be performed by Defendant on the Vessel in Seward, Alaska ("Original Work"). Plaintiff purchased the Vessel for the purpose of using it for commercial fishing beginning in the summer months of 2017, and certain repairs and restoration work was required to return the Vessel to a commercial and seaworthy state.

7. Under the terms of the Agreement, Defendant agreed to perform the Original Work, inclusive of all labor and materials itemized on Invoice #2016-0314, and in accordance with Plaintiff's instructions and good marine practice, in exchange for a sum certain in the amount of $45,035.00.

8. The parties agreed that the total cost of the Original Work would be paid in three installments, with an initial payment of $15,000.00 at the commencement of the Original Work, a second installment payment in the amount of $15,000.00, and a final installment payment for the remaining $15,035.00 balance upon completion of the Original Work.

COMPLAINT
Page 2 of 11

*Lyle Myrvold v.
Raibow Fiberglass & Boat Repair, LLC*
Case No. _____ Civil

Case 3:17-cv-00245-SLG   Document 1   Filed 11/22/17   Page 2 of 11

9. Invoice #2016-0314 itemized the following labor as included in the total cost of $45,035.00: (1) remove mast and super structure; (2) repair fiberglass old repair on hull bottom, all patches and thru hull holes; (3) repair shaft log; (4) repair bad repairs on starboard bow bottom; (5) repair bow stern keel; (6) move keel guard; (7) paint hull and house; (8) gelcoat decks; (9) repair and replace decks and string; (10) fabricate new rolling chalks; (11) cut, shape, and laminate pieces of core to form chalks; (12) grind back hull to laminate rolling chalks to boat; and (13) epoxy primer new fiberglass.

10. Invoice #2016-0314 also itemized the materials included in the total cost of $45,035.00: (1) resin/gelcoat; (2) core materials; (3) laminates; (4) acetone; (5) grinding disc, Tyvek suits, gloves, sandpaper, making materials; and (6) roll and chalk materials.

11. On August 9, 2016, Plaintiff tendered payment to Defendant in the amount of $15,000.00 as the initial payment for the commencement of the Original Work, pursuant to the Agreement, and delivered the F/V NAKCHAMIK to Defendant's property. Defendant accepted the initial payment from Plaintiff, and documented receipt of the payment on Invoice #2016-0314, deducting $15,000.00 from the total balance remaining.

12. Upon information and belief, Defendant commenced the Original Work on or about August 9, 2016. The parties agreed that all Original Work would be completed no later than May 1, 2017, so that Plaintiff could use the Vessel for commercial fishing during the summer months of 2017.

13. On or about September 7, 2016, David Phillips, in his capacity as Defendant's sole member and manager, contacted Plaintiff and requested that Plaintiff immediately pay the remaining balance under the Agreement in advance of the agreed-upon installment dates. Mr. Phillips, on behalf of Defendant, acknowledged that such early

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

COMPLAINT
Page 3 of 11

*Lyle Myrvold v.
Raibow Fiberglass & Boat Repair, LLC*
Case No. _____ Civil

Case 3:17-cv-00245-SLG   Document 1   Filed 11/22/17   Page 3 of 11

payment was contrary to the parties' Agreement, but represented that Defendant needed the funds immediately due to financial hardship and cash flow issues.

14. In order to prevent a work stoppage or delayed completion of the Original Work on the F/V NAKCHAMIK, Plaintiff agreed to amend the Agreement and to tender early payment of the remaining balance. As consideration for the amendment of the payment schedule, and to induce such early payment in advance of the parties' agreed-upon installment dates, Defendant agreed to: (1) perform certain additional work not included on Invoice #2016-0314 at no additional cost (the "Additional Work"); and (2) issue a "discount" to Plaintiff in the amount of $2,500.00, deducted from the remaining balance.

15. Pursuant to the "Amended Agreement," the parties agreed that Defendant would perform all Original and Additional Work in exchange for payment of a sum certain, in the amount of $42,500.00, payable in two installments: (1) the initial payment of $15,000.00 received on August 9, 2016; and (2) final payment of $27,500.00 on September 7, 2016. The parties agreed that all Original and Additional Work would be completed in accordance with Plaintiff's instructions and good marine practice, and within the original timeframe, by May 1, 2017.

16. Relying on Mr. Phillips' representations on behalf of Defendant, wherein he agreed to perform all Original and Additional Work for the discounted price of $42,500.00, Plaintiff tendered payment to Defendant in the amount of $27,500.00, in full and final satisfaction of the outstanding balance under the Amended Agreement. Defendant memorialized the discount and final payment in writing on a copy of Invoice #2016-0314, which reflected that all Work was "Paid in Full" as of September 7, 2016.

COMPLAINT
Page 4 of 11

*Lyle Myrvold v.
Raibow Fiberglass & Boat Repair, LLC*
Case No. _____ Civil

Case 3:17-cv-00245-SLG   Document 1   Filed 11/22/17   Page 4 of 11

17. Plaintiff regularly monitored the F/V NAKCHAMIK and the progress of all Work performed on the Vessel. Plaintiff found that the Original and Additional Work was not being performed in accordance with his instructions, nor was it being performed in accordance with good marine practice and Defendant's warranties and assurances. During the course of the Work, materials utilized and labor time spent on the F/V NAKCHAMIK was not properly documented by Defendant. Plaintiff found on multiple occasions that Defendant was using unskilled and inexperienced laborers to work on the Vessel, improper materials and tools were being used, and materials were consistently wasted or discarded without documentation.

18. As of May 1, 2017, neither the Original nor the Additional Work had been completed, and the Vessel was in a state of disrepair on Defendant's property. Upon information and belief, the funds paid by Plaintiff to pay for work on the NAKCHAMIK were converted for use on other projects by Defendant, and not in fact used to fund the repair work to restore the Vessel as promised and agreed upon in the parties' agreement.

19. On May 9, 2017, Defendant generated Invoice #2017-0108, which was retro-dated to December 1, 2016, and demanded that Plaintiff tender additional payment to Defendant in the amount of $19,497.04 for alleged "additional work not included in original estimate invoice." The invoice listed a "Due Date" of May 1, 2017, eight days prior to the date it was generated. Invoice #2017-0108 included amounts for items that were included in the Original Work, as well as items included in the Additional Work, all of which had been paid in full on September 7, 2016 pursuant to the Amended Agreement. Mr. Phillips informed Plaintiff that no further work would be performed on

COMPLAINT
Page 5 of 11

*Lyle Myrvold v.*
*Raibow Fiberglass & Boat Repair, LLC*
Case No. _____ Civil

Case 3:17-cv-00245-SLG   Document 1   Filed 11/22/17   Page 5 of 11

the Vessel, and it would remain in Defendant's possession and control, until Plaintiff tendered such additional funds.

20. On May 12, 2017, Plaintiff visited Defendant's property to view the status of the Vessel and inquire about the progress of the Work. Plaintiff discovered that the Vessel was disassembled in several pieces outside on Defendant's property, neither the Original nor the Additional Work had been completed, and the repair work that had been performed on the Vessel as of that date was haphazard and of poor quality. The repairs and restoration work as of that date revealed poor workmanship, improper materials, and a wholesale departure from good marine practice and the warranties and assurances of Defendant.

21. To date, the Original and Additional Work has not been completed per the terms of the Amended Agreement, and the Vessel remains on Defendant's property in a state of disrepair and exposed to the elements. The acts and omissions of Defendant, including all agents, employees, contractors, representatives, and/or assigns acting on Defendant's behalf, has caused significant and widespread physical damage to the Vessel which will require additional repairs, restoration, and remediation efforts to correct.

22. Defendant has refused and continues to refuse to allow Plaintiff to take possession of the Vessel, alleging that certain additional charges in the amount of $19,497.04 remain unpaid. In doing so, Defendant has accepted a duty to maintain the Vessel but has left it exposed to the elements increasing damages.

23. The Vessel has been damaged as a result of improper and defective workmanship of Defendant in an amount to be proven at trial, but in excess of $50,000.00.

COMPLAINT
Page 6 of 11

*Lyle Myrvold v.*
*Raibow Fiberglass & Boat Repair, LLC*
Case No. _____ Civil

Case 3:17-cv-00245-SLG   Document 1   Filed 11/22/17   Page 6 of 11

24. Defendant failed to perform work in accordance with the parties Agreement, as amended, failed to follow the instructions from Plaintiff, and failed to complete the Work in conformance with good marine practice. Defendant has also breached the implied covenant of good faith and fair dealing, in that Defendant accepted and has retained possession of the funds paid by Plaintiff under the Amended Agreement for the Original and Additional Work, has failed to complete the Work to date, and has retained possession of the Vessel to Plaintiff's detriment despite demand for its return. As a result of Defendant's multiple breaches, Plaintiff has suffered damages and is entitled to compensation in an amount to be proven at trial in excess of $50,000.00.

25. Plaintiff has been deprived of the possession and use of the Vessel due to Defendant's acts and failure to perform. Plaintiff has been wrongfully denied possession of the Vessel by Defendant, entitling Plaintiff at its election to the fair market value of the Vessel in an amount to be proven at trial but not less than $200,000.00 at the time of conversion by Defendant, plus interest and damages for loss of use of the Vessel.

26. Defendant had a duty to perform the Work in conformance with good marine practice and free of defects in workmanship and materials. Defendant breached its duty to act in conformance with good marine practice and failed to perform the Work free of defects in workmanship and materials. As a result of Defendant's breach of its duty, Plaintiff has suffered damages and is entitled to compensation in an amount to be proven at trial in excess of $50,000.00.

27. Alaska Statute 45.50.471 prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce. Defendant repeatedly violated AS 45.50.471 by methods including, but not limited to: (1) failing to

COMPLAINT
Page 7 of 11

*Lyle Myrvold v.
Raibow Fiberglass & Boat Repair, LLC*
Case No. _____ Civil

Case 3:17-cv-00245-SLG   Document 1   Filed 11/22/17   Page 7 of 11

charge Plaintiff a commercially reasonable rate; (2) charging Plaintiff for labor and materials not associated with the F/V NAKCHAMIK; (3) charging Plaintiff for labor and materials for which Defendant was already compensated; (4) making false or misleading promises concerning the characteristics, quality, cost, and duration of the Original and Additional Work; (5) making false or misleading promises concerning the purported "discount" / price reduction; (6) employing deception, fraud, false pretense, and false promises with the intent that Plaintiff would rely upon the misrepresentations in connection with the sale of services; (7) failing to deliver to Plaintiff a written contract setting out all of the terms and conditions of the Agreement and subsequent amendments, including a description of the services included in the total cost paid; (8) failing to deliver to Plaintiff a written receipt setting forth all of the terms, conditions, and a description of Work included in the price quoted and accepted as payment in full; (9) representing to Plaintiff that the Agreement and subsequent amendment included all materials and labor required to complete the Work promised; (10) knowingly making false or misleading statements concerning the repairs that would be completed, the extent and quality of the workmanship, the timeline for the repairs, the materials to be involved, the experience and skill of the laborers to be utilized, and the total cost of the Work to be completed; (11) creating fraudulent invoices containing undocumented labor, materials, expenses, and duplicative charges after representing that Plaintiff had paid in full for all Work to be completed; and (12) refusing to return possession of Plaintiff's property until and unless Plaintiff pays the undocumented and fraudulent additional charges.

28. As a result of Defendant's actions in violation of AS 45.50.471, Plaintiff has suffered an ascertainable loss of money and is entitled for each unlawful act or practice

COMPLAINT
Page 8 of 11

*Lyle Myrvold v.*
*Raibow Fiberglass & Boat Repair, LLC*
Case No. _____ Civil

Case 3:17-cv-00245-SLG   Document 1   Filed 11/22/17   Page 8 of 11

to three times his actual damages, in an amount to be proven at trial, pursuant to AS 45.50.531, along with an award of full reasonable attorney's fees pursuant to AS 45.50.537.

29. Defendant's conduct further violated AS 45.45.130 et seq. Defendant repeatedly misrepresented the cost of repairs authorized by Plaintiff, the terms of the service agreement between the parties, and the repairs actually completed in violation of AS 45.45.200(a). Defendant further has attempted to collect from Plaintiff payment for repairs not authorized either orally or in writing by Plaintiff, and payment for repairs that were never completed in violation of AS 45.45.200(b). Defendant has failed and refused to complete the repairs authorized by Plaintiff and included in the original invoicing without justification, and despite advance payment in full in violation of AS 45.45.200(c). And, Defendant has refused to return possession and control of the Vessel to Plaintiff to date, demanding payment for the unauthorized repairs in violation of AS 45.45.200(d). Further, while Plaintiff disputes the validity of Invoice #2017-0108, even in the event that the listed additional costs and fees are legitimate, Defendant failed to contact Plaintiff before continuing with the repairs in excess of the amount Plaintiff had already paid in full for the Work ordered, and Plaintiff gave no authorization, in violation of AS 45.45.170.

30. Upon information and belief, Defendant filed a Notice of Claim of Maritime Lien against the Vessel with the United States Coast Guard.

31. As set forth in detail in the foregoing, there is no basis in law or in fact to support a claim of lien against the Vessel.

32. Further, Defendant has had reasonable opportunity to seek to enforce the lien, but has done nothing to pursue his claim. Upon information and belief, Defendant filed

COMPLAINT
Page 9 of 11

*Lyle Myrvold v.
Raibow Fiberglass & Boat Repair, LLC*
Case No. _____ Civil

Case 3:17-cv-00245-SLG   Document 1   Filed 11/22/17   Page 9 of 11

the lien against the Vessel for the sole purpose of depriving Plaintiff of possession, and to assert undue pressure on Plaintiff to pay Defendant additional and unsubstantiated funds in order to regain possession of the Vessel.

33. After due investigation, there exists no facts nor circumstances to substantiate Defendant's claim of lien. Defendant has unreasonably delayed in pursuing any disposition or adjudication of any claim held on the Vessel, and such delay continues to prejudice Plaintiff. Defendant has unjustifiably withheld possession of the Vessel, and the lien remains a cloud on the title to the Vessel, impairing its use and marketability. Accordingly, any claim of lien against the Vessel is unfounded under the facts of this matter, and is further barred by laches.

**WHEREFORE,** Lyle Myrvold prays that the Court declare and award as follows:

1. Declare that the Vessel, F/V NAKCHAMIK, is not subject to any maritime lien or Notice of Claim of Maritime Lien in favor of Lyle Myrvold.

2. That Plaintiff be awarded damages against Defendant for improper and defective workmanship in an amount to be proven at trial, but in excess of $50,000.00.

3. That Plaintiff be awarded damages against Defendant for failure to protect the Vessel from the elements in an amount to be proven at trial.

4. That this Court award Plaintiff three times its actual damages, in an amount to be proven at trial, for each unlawful or deceptive act or practice.

5. That Plaintiff, at its election, be awarded damages equal to the fair market value of the Vessel in an amount to be proven at trial, but in excess of $200,000.00 at the time of conversion by Defendant, plus interest and damages for loss of use of the Vessel.

COMPLAINT
Page 10 of 11

*Lyle Myrvold v.
Raibow Fiberglass & Boat Repair, LLC*
Case No. _____ Civil

Case 3:17-cv-00245-SLG   Document 1   Filed 11/22/17   Page 10 of 11

6. That Plaintiff be awarded his reasonable attorneys' fees and costs incurred in conjunction with this matter, including all expenses related to this action, the transportation and storage of the Vessel, and for any keeper and their costs incurred.

7. Enter such other and further relief as the court deems reasonable and just.

DATED this 22nd day of November, 2017.

HOLMES WEDDLE & BARCOTT, P.C.
Attorneys for Plaintiff


/s/ Stacey C. Stone
Stacey C. Stone
Alaska Bar No. 1005030

COMPLAINT
Page 11 of 11

*Lyle Myrvold v.*
*Raibow Fiberglass & Boat Repair, LLC*
Case No. _____ Civil

Case 3:17-cv-00245-SLG   Document 1   Filed 11/22/17   Page 11 of 11