# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

LYLE MYRVOLD,

    Plaintiff,

    v.

RAIBOW FIBERGLASS & BOAT REPAIR, LLC, dba RAIBOW BOAT STORAGE, *in personam* and *in rem*.

    Defendant.

IN ADMIRALTY

Case No. 3:17-cv-00245-SLG

## ORDER RE MOTION TO DISMISS

Before the Court at Docket 5 is Defendant Raibow Fiberglass & Boat Repair, LLC's Motion to Dismiss. The motion has been fully briefed.[1] Oral argument was not requested and was not necessary to the Court's decision.

## BACKGROUND

The facts, presented here primarily from the perspective of Plaintiff Lyle Myrvold ("Mr. Myrvold") at this initial stage of the case,[2] are as follows:

On or about August 3, 2016, Mr. Myrvold reached an agreement ("Agreement") with Defendant Raibow Fiberglass & Boat Repair, LLC, ("Raibow") for repair work to be performed on Mr. Myrvold's vessel, the F/V NAKCHAMIK ("Vessel").[3] Under the terms of the Agreement, the parties agreed that the total cost of the work, $45,035.00, would be paid in three installments: an initial payment of $15,000.00 at the commencement of the

---

[1] *See* Docket 8 (Mr. Myrvold's Response); Docket 11 (Raibow's Reply).

[2] No answer has yet been filed.

[3] Docket 1 (Compl.) at 1–2, ¶¶ 2, 6.

work; a second payment of $15,000.00; and a final payment of $15,035.00 due upon completion of the work.[4] An itemized list of the work to be performed ("Original Work") and materials required was contained in Invoice 2016-0314.[5]

On August 9, 2016, Mr. Myrvold tendered the initial payment of $15,000 to Raibow and delivered the Vessel to Raibow's property for the commencement of work.[6] The parties agreed that all Original Work would be completed no later than May 1, 2017.[7] On or about September 17, 2016, David Phillips, in his capacity as Raibow's sole member and manager, contacted Mr. Myrvold and requested immediate payment of the remaining balance under the Agreement.[8] Mr. Myrvold alleges that he and Raibow subsequently agreed to an amended agreement ("Amended Agreement"), pursuant to which Raibow agreed to perform both the Original Work and additional work ("Additional Work") not included on Invoice 2016-0314 for a slightly discounted price of $42,500.00.[9] Mr. Myrvold then maintains that he tendered an additional payment to Raibow in the amount of $27,500.00 on September 7, 2016, representing the balance of the amount due under the Amended Agreement.[10] Mr. Myrvold maintains that Raibow documented the discount

---

[4] Docket 1 at 2, ¶ 8.

[5] Docket 1 at 3, ¶ 9; *see* Docket 8-3 (Invoice 2016-0314).

[6] Docket 1 at 3, ¶ 11.

[7] Docket 1 at 3, ¶ 12.

[8] Docket 1 at 3–4, ¶ 13. Mr. Myrvold maintains that Raibow requested expedited payment at that time due to financial hardship and cash flow issues. Docket 1 at 3–4, ¶ 13.

[9] Docket 1 at 3–4, ¶ 15.

[10] Docket 1 at 4, ¶ 16.

and final payment in writing on a copy of Invoice 2016-0314 by indicating that all work was "paid in full" as of September 7, 2016.[11]

Mr. Myrvold alleges that as of May 1, 2017, neither the Original nor the Additional Work had been completed and the Vessel was in a state of disrepair on Raibow's property.[12] Mr. Myrvold maintains that on May 9, 2017, Raibow generated a back-dated invoice, Invoice 2017-0108, that indicated that Mr. Myrvold owed Raibow an additional $19,497.04.[13] Raibow also informed Mr. Myrvold that the Vessel would remain in Raibow's possession and no further work would be performed on the Vessel until Mr. Myrvold tendered these additional funds.[14] On May 12, 2017, Mr. Myrvold alleges that he visited Raibow's property and discovered that the Vessel was disassembled in several pieces; "neither the Original nor the Additional Work had been completed"; and the repair work that had been performed was of poor quality.[15]

Mr. Myrvold's Complaint also alleges, "on information and belief," that Raibow filed a Notice of Claim of Maritime Lien against the Vessel with the United States Coast Guard.[16] Raibow maintains that it has the legal right to establish a maritime lien against

---

[11] Docket 1 at 4; *see also* Docket 8-4 (Am. Invoice 2016-0314).

[12] Docket 1 at 5, ¶ 18.

[13] Docket 1 at 5–6, ¶ 19.

[14] Docket 1 at 5–6, ¶ 19; *see* Docket 8-5 (Invoice 2017-0108). Raibow maintains that $19,497.04 represents the amount still owed by Mr. Myrvold. Docket 5 at 2; Docket 11 at 3.

[15] Docket 1 at 6, ¶ 20.

[16] Docket 1 at 9, ¶ 30. Mr. Myrvold's Complaint does not specify the amount of the lien or provide further information regarding the lien.

the Vessel and to keep the Vessel at its place of business until Mr. Myrvold meets his contractual obligations.[17]

On November 22, 2017, Mr. Myrvold filed the instant Complaint, alleging that Raibow had violated the terms of the Amended Agreement.[18] Mr. Myrvold alleged that at the time of filing, Raibow had not completed either the Original or Additional Work and the Vessel remained on Raibow's property in a state of disrepair.[19] Mr. Myrvold seeks damages in admiralty for improper and defective workmanship and for an alleged failure to protect the Vessel from the elements. Mr. Myrvold also brings several claims under Alaska law.[20] Mr. Myrvold seeks damages as well as a declaration that the Vessel is not subject to Raibow's maritime lien.[21]

On January 3, 2018, Raibow filed the instant motion, alleging that Mr. Myrvold and Raibow had entered into a valid arbitration agreement, and therefore the Court must dismiss the action and compel arbitration. Raibow attached to the motion, as Exhibit A, an unsigned document titled "Repair Agreement," which Raibow describes as a "sample Repair Agreement that Raibow's administration makes all Vessel Owners sign prior to the

---

[17] Docket 5 at 2.

[18] Docket 1 at 6, ¶ 21.

[19] Docket 1 at 6, ¶ 20.

[20] Docket 1 at 7–9, ¶¶ 27–29. Mr. Myrvold alleges that a number of Raibow's actions violated Alaska Statute 45.50.471, which "prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce." Docket 1 at 7–8, ¶ 27. Mr. Myrvold also alleges that Raibow's conduct related to the repair work violated Alaska Statute 45.45.130 *et seq*. Docket 1 at 9, ¶ 29.

[21] Docket 1 at 10.

commencement of work."[22] The sample document contains a clause containing language requiring that all disputes arising out of the Agreement are to be "determined by binding arbitration in Seward before one arbitrator."[23]

In its motion to dismiss, filed on January 3, 2018, Raibow stated that it was "having a hard time locating the executed contract."[24] With its reply on the motion, Raibow provides an affidavit of David Phillips, in which he states, "[I]t is my recollection that a Repair Agreement exactly replicating the one attached to the Motion to Dismiss was signed by myself and Mr. Myrvold on that date. My copy of Repair Agreement that was entered into and signed by both of us on or about August 3, 2016 was placed in my office safe on that date."[25] Mr. Phillips also explains that the safe was stolen from Raibow's office in November 2017.[26]

Mr. Myrvold maintains that the parties never signed an agreement like the one offered by Raibow and that the only written record of the agreement was the original Invoice 2016-0314, and as amended on or around September 7, 2016.[27] In Mr. Myrvold's

---

[22] Docket 5 at 2 n.1; *see* Docket 5-1 (Exhibit A – Repair Agreement).

[23] Docket 5-1 at 3.

[24] Docket 5 at 2 n.1.

[25] Docket 12 (David Phillips Affidavit) at 2, ¶ 5.

[26] Docket 11 at 4; *see* Docket 12 at 2–3, ¶ 9 ("On November 8, 2017, the safe that contained my only copy of the August 3, 2016 Repair Agreement was vandalized and stolen out of Raibow's offices."). However, the related police report for that incident states that, according to Mr. Phillips, the only items in the stolen safe were "a couple of titles" and approximately six dollars in cash. Docket 12-1 (Police Report) at 2, ¶ 5.

[27] Docket 8 at 15. Both parties acknowledge an invoice detailing the work to be performed. *See* Docket 9 (Lyle Myrvold Affidavit) at 3–4, ¶¶ 9–10; Docket 12 at 2, ¶ 6. Although Raibow does not specifically identify Invoice 2016-0314 as containing the work to be performed and materials to be used, statements in Raibow's reply suggest that Raibow does not dispute Mr. Myrvold's

affidavit, he asserts that "on August 3, 2016, I entered into an oral agreement with Phillips, on behalf of Raibow."[28] Mr. Myrvold denies the existence of an original signed Repair Agreement, maintaining that "[t]he parties in this action did not discuss or review the terms set forth in such form, did not accept such written terms, and did not execute the form with the intent to be bound thereby."[29]

## DISCUSSION

### I. Jurisdiction

Mr. Myrvold asserts that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1333.[30]

### II. Nature of the Motion to Dismiss

Raibow purports to bring the motion under Fed R. Civ. Proc. 12(b)(6) and 12(b)(3). However, Rule 12(b)(6) is not applicable, as the asserted basis for dismissal is not the

---

representations as to Invoice 2016-0314. *See* Docket 11 at 1–2.

[28] Docket 9 at 3, ¶ 7.

[29] Docket 8 at 15. Raibow contests this assertion, and notes in its reply how certain language in the Complaint is the same as the language to the sample Repair Agreement. *See* Reply (Docket 11) at 2-4.

[30] Docket 1 at 1. The Court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333. *See Owens-Illinois, Inc. v. U.S. Dist. Court for W. Dist. of Washington, at Tacoma*, 698 F.2d 967, 970 (9th Cir. 1983) ("Where a contract relates to the repair or navigation of a vessel, a dispute arising from the contract lies within admiralty jurisdiction."). Mr. Myrvold also asserts that 46 U.S.C. § 31343 provides an independent basis for federal question jurisdiction under 28 U.S.C. § 1331. However, that statute appears to simply recognize the Court's admiralty jurisdiction over maritime liens pursuant to 28 U.S.C. § 1333. *See* 46 U.S.C. § 31343 ("The district courts of the United States shall have jurisdiction over a civil action in Admiralty to declare that a vessel is not subject to a lien claimed under subsection (b) of this section, or that the vessel is not subject to the notice of claim of lien, or both, regardless of the amount in controversy or the citizenship of the parties."). Regardless, the existence of either independent federal question jurisdiction arising from 46 U.S.C. § 31343 or supplemental jurisdiction over Mr. Myrvold's state law claims need not be determined at this juncture.

failure to state a claim upon which relief can be granted, but is instead Raibow's assertion that the parties agreed to a valid arbitration clause.[31] Raibow contends that both the Federal Arbitration Act and a similar state statute require dismissal of Mr. Myrvold's case in favor of arbitration.[32] Rule 12(b)(3) is also not applicable here because Raibow does not appear to be challenging the propriety of venue in this particular district court.[33] Furthermore, the case that Raibow cites for the general proposition that "an arbitration clause is [a] 'specialized kind of forum-selection clause,'" *Weyerhaeuser Co. v. W. Seas Shipping Co.*, focused on whether a federal court may order the consolidation of two separate maritime arbitrations when a party objects to joint arbitration.[34] Here, the parties' present dispute is not focused on *how* to arbitrate; rather, it is focused on *whether* to arbitrate at all. Thus, the Court will treat the motion as a motion to dismiss so as to compel arbitration pursuant to the FAA.

### III. Application of the Federal Arbitration Act

Raibow is correct that valid arbitration clauses are enforceable under federal and state law.[35] Under the Federal Arbitration Act,

---

[31] Docket 5 at 1, 4.

[32] Docket 5 at 3–5 (citing Alaska Stat. § 09.43.300–595 *et seq.*).

[33] *See* 28 U.S.C. § 1390 ("As used in this chapter, the term 'venue' refers to the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts in general, and does not refer to any grant or restriction of subject-matter jurisdiction providing for a civil action to be adjudicated only by the district court for a particular district or districts."). Since it appears that both parties are citizens of Alaska and all events took place in the state, the District of Alaska would be the appropriate venue for a federal case in this matter. *See* 28 U.S.C. § 1391(b).

[34] 743 F.2d 635, 637 (9th Cir. 1984).

[35] Docket 5 at 3–5 (citing 9 U.S.C. § 2; *Weyerhaeuser*, 743 F.2d at 637; Alaska Stat. § 09.43.300 *et seq.*).

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof . . . shall be valid, irrevocable, and enforceable.[36]

However, "[i]t is axiomatic that 'arbitration is a matter of contract and a party cannot be required to submit [to arbitration] any dispute which he has not agreed so to submit.'"[37] Therefore, "a party who contests the making of a contract containing an arbitration provision cannot be compelled to arbitrate the threshold issue of the *existence* of an agreement to arbitrate."[38] "[W]hen one party disputes 'the making of the arbitration agreement,' the Federal Arbitration Act requires that 'the court proceed summarily to the trial thereof' before compelling arbitration under the agreement."[39] And the FAA provides that if the matter in dispute is within admiralty jurisdiction, the court [and not a jury] shall hear and determine such issue."[40]

Here, Mr. Myrvold unequivocally challenges the existence of the arbitration agreement. Under the FAA, whether an enforceable arbitration agreement exists is for the trier of fact in the district court to decide promptly after each party has been accorded

---

[36] 9 U.S.C. § 2.

[37] *Sanford v. Memberworks, Inc.*, 483 F.3d 956, 962 (9th Cir. 2007) (alterations omitted) (quoting *AT & T Tech., Inc. v. Commc'n Workers of Am.,* 475 U.S. 643, 648, (1986)).

[38] *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1140–41 (9th Cir. 1991) (emphasis in original).

[39] *Sanford*, 483 F.3d at 962 (alterations omitted) (quoting 9 U.S.C. § 4). If the trier of fact concludes that there is no binding arbitration agreement, then "the proceeding [to direct arbitration to proceed] shall be dismissed." 9 U.S.C. § 4. If the trier of fact finds that a valid arbitration agreement exists and "there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof." *Id.*

[40] 9 U.S.C. § 4.

the opportunity to present evidence on this topic.[41] After that determination has been made, the Court addresses whether to compel arbitration.[42]

## CONCLUSION

In light of the foregoing, Raibow's Motion to Dismiss at Docket 5 is DENIED without prejudice.

IT IS FURTHER ORDERED that within 14 days of the date of this order, Raibow shall file its answer to the Complaint.

IT IS FURTHER ORDERED that on or before May 4, 2018, the parties shall confer as to the scope of discovery, if any, that each party views as appropriate with respect solely to the existence of an arbitration agreement that applies to this dispute. A status hearing to address the scheduling of further proceedings on the issue of the existence of an agreement to arbitrate shall be held on the **7th day of May, 2018 at 11:30 a.m.** in Courtroom 3, Anchorage, Alaska.

Telephonic participation for this status conference is permitted. Telephonic participants are directed to call (907) 677-6248 five minutes before the start of the hearing. When prompted, please enter the following access code: **668160**.

DATED this 11th day of April, 2018.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[41] *See generally* Fed. R. Evid. 104, 1004, 1008.

[42] *See Rent-A-Ctr., W., Inc. v. Jackson,* 561 U.S. 63, 71 (2010) ("If a party challenges the validity under § 2 of the precise agreement to arbitrate at issue, the federal court must consider the challenge before ordering compliance with that agreement under § 4.").

Case No. 3:17-cv-00245-SLG, *Myrvold v. Raibow Fiberglass & Boat Repair*
Order Re Motion to Dismiss
Page 9 of 9